UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY HOWARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:08-cv-1305-DFH-JMS ) |
| RAYMOND LAMAR GRIMES, | ) ) |
| Defendant. | ) |

ENTRY ON APPEAL FROM BANKRUPTCY COURT

Debtor-appellant Lamar Raymond Grimes hired plaintiff-appellee Henry Howard in 2006 to work for him as a truck driver. After about two months, Grimes had failed to pay a significant amount of money that he owed Howard. Howard quit and filed suit in state court. An Indiana state court entered a judgment in favor of Howard and against Grimes in the amount of $69,809.50.

Grimes then filed for relief under Chapter 7 of the bankruptcy code. The United States Bankruptcy Court held pursuant to 11 U.S.C. § 523(a)(2)(A) that Grimes' debt to Howard was not dischargeable in bankruptcy because it was a debt for money, property, or services obtained by false pretenses, a false representation, and/or actual fraud. Grimes has appealed that final judgment of the bankruptcy court. This court has jurisdiction under 28 U.S.C. § 158(a)(1).

The bankruptcy court (Judge Anthony J. Metz, III) entered detailed findings of fact and conclusions of law. Judge Metz found that Grimes had committed actual fraud by lying to Howard about whether Grimes had been paid by his customer. That was Grimes' principal excuse for failing to pay Howard, which Howard believed and which led Howard to continue working for Grimes without receiving his pay. Judge Metz found the entire debt is non-dischargeable.

On appeal, Grimes raises three arguments: (1) that the bankruptcy court's credibility findings in favor of Howard were clearly erroneous, (2) that Howard did not justifiably rely on Grimes' representation that his customer had not paid him, and (3) that the state court's damage determinations are not binding on the bankruptcy court. (Howard is acting *pro se* in this court and has filed an opposition brief.) On appeal from the bankruptcy court, this court reviews factual findings for clear error and conclusions of law *de novo*, without deference. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004); *In re Smith*, 286 F.3d 461, 464-65 (7th Cir. 2002). The court finds no merit in the appeal and affirms the judgment of the bankruptcy court in favor of Howard.

I.   *Credibility Determination*

The bankruptcy court found that Grimes in fact told Howard that Grimes' customer Worthington had not paid him yet when Howard complained that Grimes had not paid him on time. The bankruptcy court also found that Grimes

deliberately lied on this point to convince Howard to continue working for him so that he would continue bringing in cash for Grimes' business. Grimes' appeal on this issue merely asks this reviewing court to re-weigh the evidence. The bankruptcy court laid out detailed findings explaining why the court did not believe the key testimony from Grimes and his wife, including many details that were not presented in Grimes' brief but should have been, and including repeated conflicts between the Grimes' testimony and their actions. The bankruptcy court reasonably found that both Grimes and his wife were trying to save their business by lying to Howard to keep him working a little longer so that he would keep generating cash for the business. The transcript of the judge's questioning of both Mr. and Mrs. Grimes shows a judge who was understandably incredulous. The story they told to excuse their failure to pay was highly improbable. The bankruptcy court weighed conflicting evidence and reached a reasonable conclusion. There was no error on this point.

II.     *Justifiable Reliance*

The bankruptcy court found that Howard justifiably relied on Grimes' statement that his customer Worthington had not yet paid him, which was why Grimes said he was slow in paying Howard. Grimes argues that the bankruptcy court erred, though he is not specific as to whether he challenges the factual finding as clearly erroneous or whether he contends the court made a legal error. The argument adds up to another request from Grimes to have this court re-weigh

-3-

the conflicting evidence about what Grimes told Howard. Grimes asserts that Howard's testimony was "unsupported." That is not correct, for Mrs. Howard also testified about that conversation. Even if it were correct, that would not be unusual or decisive. Sometimes the only evidence about what was said in a two-way conversation comes from the two participants, without additional support or corroboration. On such questions, the court must do its best to weigh the conflicting evidence. Judge Metz amply explained why he chose to believe Mr. and Mrs. Howard and to disbelieve Grimes. There was no factual or legal error in the finding of justifiable reliance.

III.   *The State Court's Damages Calculation*

The state court awarded Howard a judgment of $69,809.50. That sum consisted of $12,719.75 in actual damages for unpaid wages, plus liquidated damages of $25,439.50 under Indiana's wage payment statute, plus $28,900.00 for the loss of Howard's equity in his home as a consequence of not being paid wages on time, plus attorney fees of $2,750.00. (The court ignores the 25 cent discrepancy in the sums.)

Grimes argues on appeal that even if a portion of the debt was not dischargeable, the amount that is not dischargeable should be only $3,949.39, which was Grimes' calculation of the amount of unpaid wages.[1] He contends that

---

[1]Even if there were merit to Grimes' arguments on this point, the minimum
(continued...)

the bankruptcy court erred by giving collateral estoppel effect (issue preclusion) to the amount of damages awarded by the state court.

The issue here is not whether the state court was right or wrong under Indiana law in awarding the consequential damages because the Howards lost their home as a result of Grimes' failure to pay the amounts owed. That was the state court's decision, and there was no appeal from it.

As for whether the bankruptcy court was correct in holding the entire debt non-dischargeable, the court has looked through the bankruptcy court record – including the pleadings, the trial transcript, and Grimes' pretrial statement of issues – to see if Grimes ever raised this issue with the bankruptcy court. The court has found no sign that he did so. In the bankruptcy court, Grimes treated the issue of dischargeability as an all-or-nothing proposition. This appeal is too late to raise this new issue. See, *e.g.*, *Economy Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720-21 (7th Cir. 2008) (plaintiff waived arguable error under Uniform Commercial Code by presenting case to district court under law applicable to single delivery contract and never raising analysis under law applicable to installment contracts; general reliance on UCC as a whole did not preserve issue); *Christmas v. Sanders*, 759 F.2d 1284, 1291 (7th Cir. 1985) ("It is

---

[1](…continued)
amount that would be non-dischargeable would be $12,719.75, the amount of unpaid wages.

axiomatic that an issue not first presented to the district court may not be raised before the appellate court as a ground for reversal.") (collecting cases).

It is true that Howard, a truck driver by profession who is proceeding without the help of an attorney in this court, did not argue waiver. But this is an instance where the court believes it must act to protect the integrity of the bankruptcy court's processes by insisting on enforcement of the waiver against Grimes. "Sometimes the judiciary must act in self-defense." *Neal v. Honeywell, Inc.*, 191 F.3d 827, 830 (7th Cir. 1999) (raising procedural issue to protect judiciary from having wasted time deciding issues as appellant had originally presented them). The tactic of raising an entirely new issue on appeal (along with groundless requests to set aside the bankruptcy court's credibility findings) is one more attempt to delay payment.

In *Christmas v. Sanders*, the Seventh Circuit explained under similar circumstances why it declined to reach an issue that should have been raised with the lower court:

> Plaintiff, an individual, would be put to the expense, delay, and uncertainty of further proceedings in a case, already three-and-one-half years old, arising from an incident more than four-and-one-half years ago on a ground that requires this court to decide a difficult issue without benefit of the district court's decision, without benefit of briefing in this court, and without having given the other party an opportunity to reply, solely because of the defendant's inexcusable failure to raise this issue below.

759 F.2d at 1293. The circumstances here are not identical to those in *Christmas*, but they are certainly close enough for that reasoning to apply.

-7-

The judgment of the bankruptcy court is affirmed. Final judgment will be entered accordingly.

So ordered.

Date: August 4, 2009

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven P. Taylor
sptaylor@bankruptcyoffice.net

HENRY HOWARD
P.O. Box 115
9 Iroquois
Tunnelton, IN 47467